UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRA GRAHAM,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>    Defendant. | Case No. 2:14-cv-02916-MCE-CMK<br><br>Judge: Hon. Morrison C. England, Jr. |

**STIPULATION**

Come now the Parties, Plaintiff Tyra Graham and Defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") and enter into the following stipulation:

1) The purpose of this Stipulation is to temporarily toll the fact discovery cut-off of April 15, 2016 relating to a single FRCP 30b6 deposition noticed by Plaintiff for April 14, 2016 to take place in Bentonville, AR on the following 30b6 topic: "The number of individuals who have alleged safety interlock failure on the GE Food Processor to date, the nature of the complaint, the alleged injury, the date the injury occurred, the name and contact information of the individual, and the date that Wal-Mart received notice of the complaint."

2) The parties agree this will not affect the trial date which is in April of 2017 (*See* Document 20, Pretrial Scheduling Order).

3) Wal-Mart Stores, Inc. has filed a notice of motion for a protective order (*see* Document 30) disputing plaintiff's right to access "the name and contact information of the individual" of Wal-Mart's customers who alleged safety interlock failure on the GE Food Processor to date, whether by written discovery or via 30b6 deposition. The parties make this stipulation because they agree that Wal-Mart's motion must be resolved in order to avoid the unnecessary waste of both parties' resources including travel to Wal-Mart's headquarters in Bentonville, AR.

4) Moreover, the deponent is not available for deposition prior to May 2016, at the Earliest, because he is traveling in China. Wal-Mart is in the process of ascertaining the deponent's exact availability upon his return from abroad.

5) However, the parties also agree that <u>if</u> the Court denies Wal-Mart's motion and orders production of the disputed information (customers claimants' identities and contact information), the deposition will not be necessary as the information will be available through the less intrusive and costly means of written discovery. And, conversely, if the Court rules that the claimants' names and contact information being sought by the Plaintiff are not discoverable, Plaintiff will withdraw the noticed 30b6 deposition referenced in paragraph 1"

6) Concerning the pending motion identified in paragraph 3 above, the parties are already cooperating to co-author their Joint Statement Regarding Discovery Dispute, which will be timely submitted prior to the hearing on Wal-Mart's above-referenced motion, in lieu of the moving party's memorandum of points and authorities.

/s/ Anna C. Gehriger, Esq._____
Anna C. Gehriger, Esq.
PSA Phillips Spallas & Angstadt, LLP
505 Sansome Street, Sixth Floor
San Francisco, CA 94111
Counsel for Defendant Wal-Mart Stores, Inc.


/s/ Michael E. Carr (as authorized on April 13, 2016)
Michael E. Carr
Carr & Carr Attorneys
4416 South Harvard Ave.
Tulsa, OK 74135
Counsel for Plaintiff Tyra Graham

## ORDER

In accordance with the foregoing stipulation and good cause appearing,

**IT IS SO ORDERED.**

Dated:  April 19, 2016

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT