UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRA GRAHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART STORES, INC.,<br><br>　　　　Defendant. | No. 2:14-cv-02916-MCE-CMK<br><br>**ORDER** |

The Complaint and Demand for Jury Trial in this matter was filed on December 16, 2014, alleging injury to the Plaintiff caused by defective design and/or manufacturing of a food processor sold and distributed by the sole remaining Defendant, Wal-Mart Stores, Inc. Wal-Mart Stores, Inc.'s Motion for Summary Judgment was denied on August 31, 2017, after which, and upon review of the parties' Joint Notice of Trial Readiness, the Court set a Jury Trial on March 26, 2018. See ECF No. 101.

On January 30, 2018, the Court vacated the Final Pretrial Conference and Jury Trial due to the confirmation of a 36-day criminal trial with an in-custody Defendant scheduled to begin on February 26, 2018. Thereafter, the matter was set for a Status Re: Trial Setting on March 7, 2019, due to the unavailability of this Court's schedule for a new trial date until June of 2019.

///

On February 26, 2018, the Courtroom Deputy emailed counsel regarding the availability for trial June 4-6, 2018, to which defense counsel replied he and his experts were unavailable. On February 27, 2018, Plaintiff's counsel filed a Motion to Advance the Trial Status Conference or in the alternative, ". . . set a trial date without holding a status conference." See ECF No. 105. After review of Plaintiff's Motion, due to the age of this case, extremely limited availability of trial dates for this Court, and because counsel was likely prepared for the March 26, 2018, trial date, by Order filed February 28, 2018 the Court vacated the March 7, 2019 Status Conference, set the matter for a three (3)-day Jury Trial scheduled to commence on June 4, 2018 at 9:00 a.m., and also scheduled a Final Pretrial Conference for May 3, 2018 at 2:00 p.m.[1]

Now before the Court is Wal-Mart's Motion to Vacate the Court's February 28, 2018, Order, which counsel filed later that same day. The Motion argues that Wal-Mart's sole expert, Richard L. Stern, is unavailable to testify during the trial as scheduled due to "previously arranged professional obligations." ECF No. 107, 4: 1-3. Wal-Mart further argues that its lead trial counsel, Robert K. Phillips, has state court trials set for the weeks of June 11, 2018 and June 18, 2018 and cannot both try this case and adequately prepare for those upcoming trials. Mr. Phillips also claims that he cannot attend the Final Pretrial Conference as scheduled on May 3, 2018, because of a pre-paid family vacation.

Plaintiff argues in response that defense counsel has repeatedly cited conflicts with his personal and professional schedules, that counsel did not adequately identify the nature of Mr. Stern's alleged inability to testify beyond citing vague "professional obligations," and that attorney Phillips' subsequently set trials in state court, which may or may not proceed as scheduled, should not prevent trial here from going forward, particularly since Wal-Mart has "already been defended by multiple lawyers in this case

---

[1] Because this Order vacated the March 7, 2019 status conference, it mooted Plaintiff's request, filed the previous day, to advance the date of that conference. Consequently, the Court need not consider Wal-Mart's Objection to and Request to Strike Plaintiff's Motion to Advance (ECF No. 112) and declines to do so.

2

and that it's only Mr. Phillips who has cited a potential, speculative conflict." ECF No. 109, p.2.

By way of Reply, defense counsel states only that Mr. Stern will be attending an annual engineering conference in San Antonio, Texas between June 3, 2018, and June 6, 2018, that he relies upon to fulfill his professional continuing education requirements. See ECF No. 111, 2:11-14. Defense counsel subsequently filed a Supplemental Declaration which purported to cite the unavailability of Lowell Nickel, M.D., one of Plaintiff's treating doctors, to testify on either June 4, 5 or 6, 2018, the dates currently scheduled for trial. In response, Plaintiff's counsel filed an affidavit from Dr. Nickel indicating that Wal-Mart had apparently misled the court inasmuch as Dr. Nickel was indeed available to testify either on June 5 or 6, 2018.[2]

This matter has now been fully briefed. After examining the papers submitted both in support of vacating the currently scheduled trial date, and in opposition thereof, the Court finds that good cause has not been demonstrated to vacate the June 4, 2018 trial date. Accordingly, the Court must, given its responsibility to adjudicate the matter in a timely fashion, "unilaterally" confirms that trial will indeed commence on June 4, 2018 for a three (3)-day jury trial. As previously noted, this case was filed well over three years ago. Because of its impacted caseload and the window of time it has been able to currently allocate for trial, the Court declines to continue the matter further, and will not do so on the basis of state court trials which may or may not proceed, and should be able to be tried by other lawyers representing Wal-Mart in any event.[3] Moreover, to the extent Wal-Mart's expert, Richard L. Stern, is allegedly unavailable, the Court cannot determine that his interest in attending a professional conference for continuing education credits trumps Plaintiff's right to an expeditious trial. Additionally, and in any event, counsel is advised that the Court has the technology necessary to permit

---

[2] Defense counsel is strongly admonished that any similar lapse in candor will not be countenanced by the Court in the future and will result in the immediate imposition of sanctions.

[3] Indeed, a review of the Court's Docket in this matter shows four separate lawyers as representing Wal-Mart.

3

testimony by video conference. Given that technology, at a bare minimum Mr. Stern would be hard-pressed to argue that he cannot make himself available to testify at some point during the trial as scheduled.

Consequently, to the extent Wal-Mart's Motion seeks to vacate the currently scheduled June 4, 2018 trial date, that Motion (ECF No. 107) is DENIED.[4] In an effort to accommodate defense counsel's vacation schedule, however, the Court will advance the Final Pretrial Conference in this matter from May 3, 2018 to April 19, 2018, at 2:00 p.m. in Courtroom No. 7, and accordingly GRANTS Defendant's Motion to the extent it seeks to change the Final Pretrial Conference date. Wal-Mart's Objections/Request to Strike (ECF No. 112) is DENIED as moot.

The parties may renotice or file Motions in Limine not later than March 30, 2018, all of which will be considered at the Final Pretrial Conference. Any opposition to Motions in Limine shall be submitted not later than April 9, 2018, with replies, if any, due on April 13, 2018.

IT IS SO ORDERED.

Dated: March 22, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument would not be of material assistance, the Court orders this matter submitted on the briefs in accordance with Local Rule 230(g).

4